IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEO V. HACKETT,<br><br>            Petitioner,<br><br>     vs.<br><br>UNITED STATES OF AMERICA,<br><br>            Respondent. | No. CV-F-05-070 OWW<br>(No. CR-F-99-5265 OWW)<br><br>MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255, DENYING PETITIONER'S MOTION TO ENTER JUDGMENT, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT FOR RESPONDENT |

On January 18, 2005, Petitioner Leo V. Hackett filed a motion.  Petitioner contends that he is entitled to relief:

> Because of recent Supreme Court rulings, my conviction is invalid and illegal.  I was enhanced from the base offense level by the court using criteria that was not submitted to a jury, nor proven beyond a reasonable doubt.  The court did not prove to a jury all facts legally essential to the punishment imposed.

Petitioner was convicted by jury trial.  Petitioner was sentenced on April 16, 2001 to 164 months incarceration.

1

Petitioner filed an appeal to the Ninth Circuit and his conviction and sentence were affirmed in July 2002.

Petitioner's motion was not filed within the one-year limitation period set forth in Section 2255.  As a general practice, Petitioner would be required to file an amended Section 2255 motion setting forth the facts upon which he relies in contending that his motion is timely filed or that he is entitled to equitable tolling.  Because, however, neither *Blakely v. Washington,* 542 U.S. 296 (2004), nor *United States v. Booker*, 543 U.S. 200 (2005) are retroactive on collateral review, *United States v. Cruz*, 423 F.3d 1119 (9th Cir.2005), *cert. denied*, 546 U.S. 1155 (2006); *Schardt v. Payne*, 414 F.3d 1025 (9th Cir.2005), Petitioner is not entitled to relief even if his Section 2255 motion is determined to have been timely filed.

Petitioner also moves for judgment in his favor because the United States has not filed a response to his motion. Petitioner's motion is without merit.  Pursuant to Rule 4, Rules Governing Section 2255 Proceedings for the United States District Court, the United States is not authorized to file a response to the Section 2255 motion until ordered to do so by the District Court.

For the reasons stated:

1. Petitioner Leo V. Hackett's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED;

2. Petitioner's motion for judgment in his favor is DENIED;

3. The Clerk of the Court is directed to enter JUDGMENT FOR

1 **RESPONDENT.**

2     IT IS SO ORDERED.

3 **Dated:** **July 8, 2008**                 **/s/ Oliver W. Wanger**
UNITED STATES DISTRICT JUDGE